UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE MENDELSOHN,<br>    PLAINTIFF, | :<br>:<br>:   CIVIL ACTION NO.:<br>:   3:11 CV1514 (VLB)<br>: |
| v. | :<br>: |
| DEEPAK CYRIL D'SOUZA and<br>JOHN KRYSTAL,<br>    DEFENDANTS. | :<br>:<br>:   JULY 25, 2012 |

**MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION TO DISMISS [Dkt. #21] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Lawrence J. Mendelsohn ("Mendelsohn"), proceeding *pro se*, brings this action against Defendants Deepak Cyril D'Souza, MD ("D'Souza") and John Krystal, MD ("Krystal") alleging that the Defendants deprived him of his right of reproduction, that his location of residence is mandated and that he received humiliating and degrading medical treatment. Before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (1) for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1). In addition, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 (e)(2) which empowers the Court to *sua sponte* dismiss an action filed by a pro se plaintiff proceeding *in forma pauperis* if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated hereafter, the Court grants Defendants' motion to dismiss and dismisses Plaintiff's complaint in its entirety as frivolous.

1

**Factual Allegations**

The allegations in Plaintiff's complaint appear to all stem from the psychiatric treatment Plaintiff received at the Mental Health Clinic in the VA Connecticut Healthcare System in West Haven, Connecticut over a 29 year period. Plaintiff has named as Defendants two psychiatrists who are federal government employees of the VA Connecticut Healthcare System and who are also associated with Yale University's School of Medicine (also referred to as "Yale Psychiatry School" or "YPS"). Plaintiff's allegations are largely confused, incoherent and rambling. The Court liberally construes the allegations in Plaintiff's complaint to broadly assert three causes of action. The first cause of action sounding in tort and the last two causes of action for deprivation of constitutional rights brought under *Bivens*.[1]

Plaintiff's first claim appears to allege a claim sounding in tort against Defendants. Plaintiff alleges that his "Claim I" is that "[w]hile under the medical control of the YSP [Yale Psychiatry School] system of 'treatment,' I have found the experience humiliating and degrading" and Dr. D'Souza continues that behavior currently." [Dkt. # 1, Compl. at p.3]. Plaintiff alleges that he has been "administered powerful and debilitating psychotropic experimental drugs whose long-term genetic effects have yet to be determined." [*Id*.]. He further alleges that "my genetic validity has been substantiated and established by my voluminous body of artistic products, yet the YSP still maintains me in a

---

[1] In *Bivens*, the Supreme Court held that an individual may recover damages from a federal agent or employee acting under color of federal authority if that agent or employee violates the individual's constitutional rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2

condition of societal isolation and material deprival," and that his "communications and utterances are monitored and mandated daily" and "structuring" has been imposed on him.  [*Id*.].  Plaintiff complains that his "location of residence is mandated and any aspirations to re-locate are disapproved of."  [*Id*.].  Plaintiff contends that "instead of owning my own home containing my own family, I am forced to live in a communal psychiatric 'half-way house' with other deprived individuals controlled by minions" of the Yale School of Psychiatry.  [*Id.* at 4].  Plaintiff also claims that Defendants have violated C.G.S.A. § 22A-53 cruelty to persons with their actions and that he has been "persecuted for [his] personal and political opinions and philosophies."  [*Id.* at 2, 4].

Plaintiff's other allegations can be construed to assert a second claim for violation of his substantive due process rights with respect to his constitutional right of reproduction.  Plaintiff alleges that his "Claim II" is that "my constitutionally guaranteed 'right of reproduction' have been denied by Cyril D'Souza, MD and the practices and procedures of the Yale School of Psychiatry."  [*Id.* at 3].  Plaintiff alleges that the YPS is practicing eugenics and that he has been "held in a condition of abstinence and celibacy for the last 29 years by the practices and procedures of the Yale School of Psychiatry, a practice which borders on 'eugenics'."  [*Id*.].  Plaintiff further alleges that "for the past 29 years, the 'American dream' has been impossibility to me because John Crystal, MD and the [Yale School of Psychiatry] have determined that 'something is wrong with me.'"  [*Id.* at 4].  Plaintiff reiterates that his "constitutionally guaranteed rights of

3

reproduction have been impinged upon…by the minions of the Yale School of Psychiatry's system of control, deprival, and confinement" for the past 29 years of his life.  [*Id*.].

Lastly, Plaintiff's allegations can be liberally construed to assert a third claim for false arrest or imprisonment.  For example, Plaintiff alleges that his "location of residence is mandated and any aspirations to re-locate are disapproved of" and that he was forced to live in a psychiatric halfway house. [*Id.* at 3-4].

Plaintiff also indicates in his complaint that he has complained in the past about Defendants to the Connecticut Dept. of Public Health.  [Dkt. #1, Compl. at 2].  Plaintiff has attached to his complaint two letters which he wrote to the Connecticut Dept. of Public Heath regarding Defendant D'Souza.  [*Id*. at 8-14].  Also attached is a letter to Plaintiff from the Connecticut Dept. of Public Health informing him that the Department has received his complaint.  [*Id*. at 21].

In addition, Plaintiff has attached to his complaint his resume, a newspaper article detailing the death of his former house-mate, and a November 3, 2008 newspaper ad in which the Police ask for the public's help to track down the Plaintiff who went missing and was in need of medication.  [*Id*. at 15-17, 19].  Plaintiff has also attached two letters in which Plaintiff seeks to terminate his psychiatric treatment with and complains about Defendant D'Souza.  [*Id*. at 18, 20].

Plaintiff requests $1,000,000 in damages for "humiliation, deprival and degradation over the last 29 years including permanent societal stigma for having

4

used [Yale School of Psychiatry's] services." [*Id.* at 5]. Plaintiff also requests $4,000,000 for the denial of his reproductive rights. [*Id.*].

Legal Standard

Under 28 U.S.C. § 1915 (e)(2), the Court is expressly mandated to dismiss *sua sponte* an action filed by a pro se plaintiff proceeding *in forma pauperis* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2). "An action is frivolous if it lacks an arguable basis in law or fact — i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (citing *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)). Rule 12(b)(6) sets for the standard for failure to state a claim.

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). However, on a motion to dismiss under Rule 12(b)(1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6). *Id.* In deciding both types of motions, the Court "must accept all factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the plaintiff." *In re AIG Advisor Group Sec. Litig.*, 309 Fed. App'x. 495, 497 (2d Cir. 2009). "To

5

survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), however, the Court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

<u>Analysis</u>

i. *First Cause of Action – Tort*

Although not coherently alleged, it appears that Plaintiff's first claim sounds in tort law. Plaintiff alleges that he suffered "humiliation, deprival and

degradation" and also cites Conn. Gen. Stat. § 53-20[2] a Connecticut criminal statute regarding cruelty to persons. [Dkt #1, Compl. at p. 6]. Defendants have filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the basis that since the Defendants were acting in their capacity as federal employees Plaintiff's tort claim is really a claim against the United States that must be brought under the FTCA and subject to the FTCA's administrative exhaustion requirement.

The FTCA requires that a claimant exhaust all administrative remedies before filing an action in federal court. *Celestine v. Mount Vernon Neighborhood Heath Ctr.*, 403 F. 3d 76, 82 (2d Cir. 2005). This administrative exhaustion requirement is jurisdictional. *Id*. If the claimant does not exhaust his/her administrative remedies, a federal court will not have subject matter jurisdiction over the action. To survive a Rule 12(b)(1) motion, Plaintiff must prove by a preponderance of the evidence that the Court has subject matter jurisdiction over his claim. *Lunney v. United States*, 319 F. 3d 550, 554 (2d Cir. 2003). Here Plaintiff has failed to even allege that he has exhausted his administrative remedies. Furthermore, Defendants assert that the "VA Connecticut has no record of the filing of any tort claim in connection with this matter." *Id*. Consequently, Plaintiff has failed to prove by a preponderance of the evidence that the Court has subject matter jurisdiction. The Court therefore grants

---

[2] Plaintiff erroneously cited Conn. Gen. Stat. §22A-53 which is a statute relating to pesticide control in his complaint instead of Con. Gen. Stat. §53-20 which is the correct citation to the Connecticut criminal statute regarding cruelty to persons.

7

**Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.**

**To the extent that Plaintiff is asserting a cause of action in tort against Defendants outside the scope of their federal employment, the Court would also lack subject matter jurisdiction over those claims as there would be no diversity jurisdiction.** *See* **28 U.S.C. § 1332(a).  Plaintiff alleges that he is a citizen of Connecticut as are both Defendants.  Since the action is not between citizens of different states, the Court would lack subject matter jurisdiction over Plaintiff's state law tort claims against Defendants outside the scope of their federal employment.**

**Lastly, Plaintiff may not bring a claim for violation of Conn. Gen. Stat. § 53-20 as there is no private right of action to enforce this criminal statute.   In** *Provencher v. Town of Enfield***, the Connecticut Supreme Court explained that "there exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute.  In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute."** *Provencher v. Town of Enfield*, **936 A. 2d 625, 629 (Conn. 2007).   Here the language of § 53-20 does not provide for a private right of action and there is no indication that such a right was implicitly created in the statute.**

**In sum, to the extent that the Defendants engaged in the alleged misconduct while acting in their capacity as federal employees, the Court lacks subject matter jurisdiction over the claim because Plaintiff has failed to exhaust**

his administrative remedies as required by the FTCA. To the extent that the Defendants engaged in the alleged misconduct outside the scope of their federal employment, the Court lacks subject matter jurisdiction due to lack of diversity between the parties. Lastly, Conn. Gen. Stat. § 53-20 does not provide a private right of action. Therefore Plaintiff's first cause of action is dismissed in its entirety.

      i.      *Second Cause of Action – Right of Reproduction*

The Court construes Plaintiff's allegations to assert a *Bivens* claim that Defendants violated substantive due process by depriving him of his constitutional right of reproduction. "Substantive due process protects only those interests that are 'implicit in the concept of ordered liberty.'" *Local 342 v. Town Bd. of Huntington,* 31 F.3d 1191, 1196 (2d Cir.1994) (quoting *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 151, 82 L.Ed. 288 (1937)). "In order to state a valid claim for violation of substantive due process, [plaintiff] must show that [defendant's action] was an 'exercise of power without any reasonable justification in the service of a legitimate governmental objective [ .]'" *SeaAir NY. Inc. v. City of N.Y.,* 250 F.3d 183, 187 (2d Cir.2001) (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Cunney v. Bd. of Trustee of Village of Grand View, N.Y.,* 660 F.3d 612, 626 (2d Cir.2011) (quoting *Kaluczky v. City of White Plains,* 57 F.3d 202, 211 (2d Cir.1995)). "It does not forbid governmental

actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action. Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir.1999).

"In analyzing plaintiff's substantive due process claim, the Court must 'first inquire whether a constitutionally cognizable … interest is at stake.'" *Gipson v. Hempstead Union Free School Dist.,* No.09-cv-5466(SJF)(GRB), 2012 WL 1032627, at *3 (E.D.N.Y. Mar. 26, 2012) (quoting *Ferran v. Town of Nassau,* 471 F.3d 363, 369 (2d Cir.2006)). "Next, plaintiff must allege 'governmental conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *Velez v. Levy,* 401 F.3d 75, 93 (2d Cir.2005)).

It is well established that "protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver,* 510 U.S. 266, 272 (1994). However, Plaintiff has failed to allege facts plausibly demonstrating that the alleged governmental conduct is egregious or shocking to the conscience. Indeed, Plaintiff's allegations as to Defendants' alleged practice of "eugenics" are clearly baseless and frivolous. The Second Circuit has explained that "[w]here the factual allegations supporting a claim describe fantastic or 'delusional scenarios,' the claims are properly dismissed as 'clearly baseless'" pursuant to Section 1915(e). *Abascal v. Jarkos,* 357 Fed. Appx. 388, 390 (2d Cir. 2009) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). In the present case,

10

Plaintiff's allegations that he has been "held in a condition of abstinence and celibacy for the last 29 years by the practices and procedures of the Yale School of Psychiatry," that he has been given "powerful and debilitating psychotropic experimental drugs whose long-term genetic effects have yet to be determined," and that the Yale School of Psychiatry is practicing eugenics describe fantastic or delusional scenarios that are properly dismissed as clearly baseless. The Court therefore dismisses, *sua sponte*, Plaintiff's reproductive rights due process claim pursuant to 28 U.S.C. § 1915(e).

i. *Third Cause of Action – False Arrest or Imprisonment*

Lastly, the Court liberally construes Plaintiff's allegations to assert a *Bivens* claim for false arrest or imprisonment. In analyzing claims alleging the constitutional torts of false arrest or false imprisonment, courts "generally look[ ] to the law of the state in which the arrest occurred." *Davis v. Rodriguez,* 364 F.3d 424, 433 (2d Cir.2004). Connecticut treats the torts of false arrest and false imprisonment identically. *See Green v. Donroe,* 186 Conn. 265, 267 (1982). The Connecticut common law tort of false arrest or imprisonment "is the unlawful restraint by one person of the physical liberty of another ... Any period of such restraint, however brief in duration, is sufficient to constitute a basis for liability ... To prevail on a claim of false imprisonment, the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly." *Berry v. Loiseau,* 223 Conn. 786, 820 (1992) (internal quotation marks and citations omitted).

11

Plaintiff's allegations that his "location of residence is mandated and any aspirations to re-locate are disapproved of," that he was forced to live in a psychiatric halfway house, and that his "communications and utterances are monitored and mandated daily" again describe fantastic or delusional scenarios that are properly dismissed as clearly baseless.  In addition, Plaintiff has failed to allege facts which plausibly demonstrate that the alleged restraint of his physical liberty was unlawful.  The Court notes that Conn. Gen. Stat. §17a-502 provides that "any person who a physician concludes has psychiatric disabilities and is dangerous to himself or others or gravely disabled, and is in need of immediate care and treatment in a hospital for psychiatric disabilities, may be confined in such a hospital, either public or private, under an emergency certificate." Conn. Gen. Stat. §17a-502.  Consequently, the Court dismisses, *sua sponte*, Plaintiff's false arrest or imprisonment claim pursuant to 28 U.S.C. § 1915(e).

### Conclusion

For all the foregoing reasons, the Court grants Defendants' motion to dismiss [Dkt. #21] and dismisses Plaintiff's complaint in its entirety with prejudice.  The Clerk is directed to close the file.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 25, 2012